1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   ESAU ROGERS, | CASE NO. 06cv1277-LAB (BLM) |
| 12                                    Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION AND** |
| 13          vs. | **DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| 14   G.J. GIURBINO, Warden, | |
| 15                                    Defendant. | |

16        On June 15, 2006, Petitioner, a state prisoner proceeding *pro se*, filed his petition for writ of

17   habeas corpus in this Court. Pursuant to 28 U.S.C. § 636, his petition was referred to Magistrate Judge

18   Barbara Major for report and recommendation. On January 23, 2007, Judge Major issued her report

19   and recommendation (the "R&R"), to which Petitioner filed objections.

20   **I.      Legal Standards**

21        The district court has jurisdiction to review the magistrate judge's report and recommendation

22   concerning a dispositive pretrial motion. Fed. R. Civ. P. 72(b). "The district judge to whom the case

23   is assigned shall make a de novo determination upon the record, or after additional evidence, of any

24   portion of the magistrate judge's disposition to which specific written objection has been made in

25   accordance with this rule." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept,

26   reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

27   28 U.S.C. § 636(b)(1)(C). Thus, the district court judge reviews those parts of the report and

28   / / /

1  recommendation to which a party has filed a written objection. *United States v. Reyna-Tapia*, 328

2  F.3d 1114, 1121 (9th Cir. 2003) (en banc).

3         Because Petitioner is proceeding *pro se*, the Court construes his pleadings liberally and affords

4  him any benefit of the doubt. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th

5  Cir. 1988). Although the Court construes the pleadings liberally, however, "[p]ro se litigants must

6  follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th

7  Cir. 1987).

8  **II.     Procedural History**

9         The R&R's conclusions, and Plaintiff's objections, are based entirely on AEDPA's statute of

10 limitations. The R&R has provided a thorough outline of the procedural history, to which no

11 objections were filed and which the Court therefore **ADOPTS**. The following is a summary of key

12 points of that procedural history.

13        On July 7, 1999, Petitioner was found guilty in California state court of possession of a firearm

14 by a felon having three prior convictions, possession of a firearm concealed in a vehicle, and receiving

15 stolen property. On September 20, 1999, he was sentenced to a term of twenty-five years to life in

16 prison on the first count, plus two years for each of his two prison priors, which he admitted.

17 Petitioner pursued appeals through the California courts, and his petition for review was finally

18 summarily denied by the California Supreme Court on March 27, 2002. (Lodgment 3.)

19        On April 3, 2003, Petitioner filed a petition for writ of habeas corpus in the California Superior

20 Court, arguing that ineffective assistance of counsel both at trial and on appeal. (Lodgment 4.) This

21 was denied in its entirety on May 23, 2003. Eleven days later, Petitioner filed a habeas petition raising

22 an identical claim with the California Court of Appeal. (Lodgment 6.) This was denied in a brief but

23 reasoned opinion on August 15, 2003. (Lodgment 7.) On September 8, 2003, Petitioner raised the

24 same claim in a habeas petition to the California Supreme Court. On February 23, 2004, however,

25 Petitioner requested that his petition be withdrawn. The court, not yet having ruled on his petition,

26 granted his request and on February 24, 2004, ordered his petition withdrawn.

27        Petitioner then began on a second round of state habeas claims based on different arguments.

28 On January 16, 2005, Petitioner filed his second habeas petition in California Superior Court, arguing

1   that the trial court erroneously denied his motion to suppress evidence, and that there was insufficient

2   evidence to support his conviction.[1]  (Lodgment 10.)  The Superior Court denied this petition on

3   March 15, 2005, stating that Petitioner failed to present sufficient facts and information upon which

4   the writ could be granted.[2]  (Lodgment 11.)

5        Petitioner filed a habeas petition in the California Court of Appeal approximately two weeks

6   later.  (Lodgment 12.)  On May 3, 2005, the Court of Appeal denied his petition on procedural

7   grounds, explaining that *Florida v. J.L.* was not a new case, having been decided five years previously,

8   and therefore Petitioner had unreasonably delayed filing his petition.  (Lodgment 13 at 1.)  The Court

9   of Appeal relied solely on *In re Robbins*, 18 Cal.4th 770, 780 (1998) for the principle that, in the

10  absence of good cause, untimely petitions are procedurally barred.  Petitioner then on May 23, 2005

11  filed a habeas petition with the California Supreme Court, raising the same arguments.  The California

12  Supreme Court on May 10, 2006 denied the petition, citing *In re Lessard*, 62 Cal.2d 497, 503 (1965)

13  and several other cases.

14       On May 23, 2006, Petitioner filed his habeas petition in this Court.

15  **III.    Petitioner's Objections to the R&R**

16       As the R&R correctly notes, this petition is subject to the time limitations of Antiterrorism and

17  Effective Death Penalty Act ("AEDPA").  The R&R found the one-year limitations period began to

18  run on June 26, 2002 and, in the absence of tolling, would have expired on June 25, 2003.  (R&R at

19  10:3–5.)  Petitioner filed his petition in this case on May 23, 2006, nearly three years later.  Therefore,

20  Petitioner must rely on tolling to save his petition from AEDPA's time-bar.

21       Under AEDPA, the limitations period is tolled for "[t]he time during which a properly filed

22  application for State post-conviction or other collateral review with respect to the pertinent judgment

23

24       [1] In his first petition, Petitioner contended his counsel was ineffective for failing to point out
weaknesses in the evidence against him.  In the second round of state habeas review, he asked the state
court to grant him habeas relief because, he argued, the evidence was insufficient to support his
25  conviction.  Under California law, these are separate legal theories.  The former is cognizable on
habeas review, while the latter is not. *In re Spears*, 157 Cal.App.3d 1203, 1209–10 (1984) (comparing
26  cases).

27       [2] The Superior Court was apparently referring to Petitioner's citation to *Florida v. J.L.*, 529
U.S. 266 (2000) as "newly retroactive U.S. Supreme Court case law." (Lodgment 10 (Habeas Petition
28  at 2).)  Petitioner cites this case as bearing on the reasonableness of the stop that led to the search of
his vehicle where a firearm was found.  (*Id.*)

1  or claim is pending . . . ." 28 U.S.C. § 2244(d)(2).  The time during which an application for state

2  post-conviction review is pending includes the interval between the lower state court's adverse

3  decision and Petitioner's filing of a notice of appeal in the higher state court, provided the filing of that

4  notice is timely under state law. *Carey v. Saffold*, 536 U.S. 214, 222–26 (2002). The statute is not

5  tolled, however, from the time a final decision is issued on direct state appeal through the time the first

6  state collateral challenge is filed. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  Nor is it tolled

7  after state habeas proceedings are final and before federal habeas proceedings are initiated. *See* 28

8  U.S.C. § 2244(d)(2).

9         The R&R found tolling of the limitations period began on April 3, 2003, when he filed his first

10  round of state habeas petitions, and ended on February 24, 2004, when the California Supreme Court

11  granted Petitioner's request to withdraw his habeas petition.  (R&R at 12:5–11.)  Thus, the R&R

12  reasoned, Petitioner had 83 days remaining in which to file his federal habeas petition.  (*Id.* at

13  12:11–13:1.)  The R&R did not find tolling applicable between his first and second round of state

14  habeas proceedings and that, therefore, the one-year statute of limitations expired in May, 2004.  (R&R

15  at 15:23–16:1.)  This finding, to which Petitioner objects, will be discussed more fully below.  The

16  R&R found no basis for equitable tolling.  If, therefore, the R&R is correct, the petition is time-barred

17  under AEDPA.  If, however the statute of limitations was tolled between Petitioner's first and second

18  round of state habeas proceedings, the petition is timely.  Petitioner bears the burden of showing the

19  limitations period was sufficiently tolled. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (citation

20  omitted).

21         Petitioner raises two principal objections to the R&R.  First, he says, the California Supreme

22  Court dismissed his first petition with leave to refile a second petition to correct deficiencies.  (Obj.

23  at 2.)  As part of this objection, he contends because his first and second petitions were related, he

24  satisfied the requirement in *King v. Roe*, 340 F.3d 821, 823 (2003) for a second round of state habeas

25  proceedings to be considered a continuation of the first, entitling him to tolling for the period between

26  the two rounds of state habeas review.  (*Id.* at 4.)  Second, Petitioner cites *King v. Lamarque* 464 F.3d

27  963, 965 (9th Cir. 2006) for the principle that California's timeliness rule is not an independent and

28  adequate state-law basis for denying his claim.  (*Id.* at 3.)

### A.       Second Round of State Habeas Petitions as a Continuation of the First

Petitioner's first round of state habeas review concluded when he sought, and was granted, leave to withdraw the petition pending before the California Supreme Court.  The only record of the California Supreme Court's ruling before this Court is a docket sheet Petitioner lodged showing Petitioner sought leave to withdraw his petition, and the California Supreme Court granted this request.  The docket shows the Supreme Court explained that Petitioner's request to stay his petition pending the acquisition of more evidence would not be granted, and requested that if he wished to withdraw his petition in light of this, he do so by February 23, 2004.  Petitioner's request to withdraw his petition was filed on February 23, 2004, which the court granted without explanation the following day.  Though it appears Petitioner may have intended to file another petition after acquiring the additional evidence, there is no record that the California Supreme Court gave him leave to amend and refile his petition to correct deficiencies, as he appears to assume.

Petitioner likens the dismissal of his first petition to the California Supreme Court to those presented in *People v. Duvall*,  9 Cal.4th 464, 477 (1995) or *Ex parte Swain*, 34 Cal.2d 300, 304 (1949), in which the petitioners had not pled facts with sufficient particularity and would be given opportunity to amend.  He relies on the superseded holding in *Gaston v. Palmer*, for the principle that such a dismissal is not a final disposition, but rather represents a continuation of state habeas proceedings.  387 F.3d 1004, 1013–14 (9th Cir. 2004), *superseded by* 417 F.3d 1030 (9th Cir. 2005), and *modified on reh'g* by 447 F.3d 1165 (9th Cir. 2006).  Although *Gaston* is no longer good law, it appears these principles are still valid.  *King v. Roe*, 340 F.3d at 823 (noting that the petitioner's second round of state habeas petitions "made no attempt to correct his prior petition, and therefore were not offered simply to remediate deficiencies," and citing *Swain* and *Duvall*).

The disposition of Petitioner's first round of state habeas proceedings is not, however, like that in *Duvall* or *Swain*.  Here, the last reasoned opinion was issued by the Court of Appeals, which denied the petition on substantive grounds. Specifically, the Court of Appeals held Petitioner was attempting to argue that his trial counsel was ineffective for failing to bring a motion based on claimed insufficiency of the evidence. (Lodgment 7 at 1.)  The Court of Appeals said this motion would have failed, and therefore his counsel was not ineffective for failing to bring such a motion. (*Id.*)  The Court

1   of Appeals explained this argument was essentially  a "sufficiency of the evidence" claim, which is

2   not cognizable on habeas review.  (*Id.*)  This is not a demurrer with leave to amend, as Petitioner

3   argues, but rather a denial on the merits, and without leave to amend.  This was the last ruling on the

4   merits before Petitioner sought leave to withdraw his petition.

5          Even assuming Petitioner himself decided the petition he filed with the California Supreme

6   Court was deficient and required amendment, the court did not endorse this view.  Rather, the court

7   merely gave Petitioner leave to withdraw his petition.  The fact that Petitioner himself may have

8   thought his petition could be salvaged by amendment, and may have intended to amend it later does

9   not mean the court so held, or gave him leave to do so.  Furthermore, he did not in fact refile his

10  petition with the California Supreme Court, but started anew with the Superior Court.

11         Furthermore, Petitioner's later petitions "were not offered simply to remediate the deficiencies"

12  of his earlier petitions.  *King v. Roe*, 340 F.3d at 823.  While the second round of petitions relies on

13  the same facts to emphasize Petitioner's claimed innocence, Petitioner also raises an entirely new

14  argument, pertaining to evidence he believes should have been suppressed.  (Lodgment 10, at 1–9.)

15  The Superior Court and Court of Appeals did not in their orders denying habeas relief identify

16  remediable deficiencies, and the California Supreme Court was not given an opportunity to do so.

17  Petitioner was not given leave to amend or re-argue insufficiency of the evidence under a new theory.

18  Thus, Petitioner's first theory is new and unrelated to previous petitions, and he was not given leave

19  to amend his second theory.

20         California's courts apparently held to this interpretation.  The Superior Court construed

21  Petitioner's second petition as requesting reconsideration of its earlier denial of habeas relief, and held

22  that Petitioner's citation to a "new" case that was in fact not new did not warrant reconsideration.

23  (Lodgment 11, at 1.)  The Court of Appeals held Petitioner's second petition filed in that court was

24  untimely (Lodgment 13, at 1), making clear Petitioner had not been given leave to refile.  Finally, the

25  California Supreme Court denied the second petition filed there without any explanation other than

26  citation to several cases,  including *In re Lessard*, 62 Cal.2d at 503, *In re Waltreus*, 62 Cal.2d 218

27  / / /

28  / / /

- 6 -                                                          06cv1277

1    (1965); *In re Lindley*, 29 Cal.2d 709 (1947); and *In re Dixon*, 41 Cal.2d 756 (1953).[3]  The Court did

2    not expressly state whether it considered the second petition timely.   However, as a rule, an

3    unexplained and unexcused "gap" between petitions of only six months would be considered

4    unreasonable under California law. *Gaston v. Palmer*, 447 F.3d 1165, 1166–67 (9th Cir. 2006).  Here,

5    Petitioner waited nearly <u>eleven</u> months.

6    Furthermore, to the extent California state courts might have failed to rule specifically on the

7    issue of timeliness of the second round of habeas petitions, this Court would make the timeliness

8    determination on its own.  *Evans v. Chavis*, 546 U.S. 189, 198–99 (2006) (clarifying that, in the

9    absence of guidance from state courts, federal courts must independently examine the delay in each

10   case and determine what the state courts would have held with respect to timeliness).   A federal court

11   would not normally find an unexplained delay of even six months to "fall within the federal statutory

12   word 'pending' as interpreted in *Saffold*." *Gaston*, 447 F.3d at 1167 (citing *Chavis*, 546 U.S. at 201).

13   Because the 11-month gap between the first and second rounds of Petitioner's state court habeas

14   proceedings is unreasonable, his petition should not be considered "pending" in state court during that

15   time.

16   For these reasons, Petitioner cannot meet his burden of showing statutory tolling applies in this

17   case.

18       **B.       California's Timeliness Rule as a Bar**

19   The R&R also recommended a finding that the second round of state habeas proceedings failed

20   to meet the "timeliness" prong of *King v. Roe*.  The United States Supreme Court in *King v. Roe*, set

21   forth a two-prong test for determining whether AEDPA's statute of limitations should be tolled

22   between two rounds of state habeas proceedings.  340 F.3d at 823.  First, the Court asks "whether the

23   petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the

24   first petition. If not, these petitions constitute a "new round" and the gap between the rounds is not

25

26       [3] In citing these cases, the California Supreme Court was apparently pointing out that Petitioner
could and should have raised these points on appeal, and that they were not cognizable on habeas
review.  Petitioner's appeal was filed in April, 2001, well after *Florida v. J.L.* was handed down.

27   Citation to these cases does not, however, imply that the California Supreme Court believed the second
petition was timely *See Saffold*, 536 U.S. at 226 (explaining that California Supreme Court's inclusion

28   of merits determination in its ruling on habeas petition did not dispose of the question of whether the
petition was timely).

1   tolled." *Id.*  Second, assuming the new petition is a continuation of the old petition, the Court asks

2   whether the later petition was ultimately denied on the merits or deemed untimely.  *Id.* (citation

3   omitted).  In the former event, the time between petitions is tolled; in the latter, it is not.  *Id.*

4          Petitioner cites *King v. Lamarque* for the principle that California's "substantial delay" rule

5   cannot constitute a bar to habeas relief.  In fact, this order remanded the case to the district court,

6   where the government would be required to show that California's "substantial delay" rule was

7   sufficiently clear and consistently applied to constitute "independent and adequate state ground"

8   barring habeas relief.  464 F.3d at 968.  Petitioner apparently reads this opinion as overruling *King v.*

9   *Roe*, which it does not.  Furthermore, the Supreme Court's holding in *Chavis* is controlling.

10         *King v. Lamarque* deals with the principle that a state prisoner generally may not raise a claim

11  in federal habeas if he or she has defaulted on the claim "by violating a state procedural rule which

12  would constitute adequate and independent grounds to bar direct review in the U.S. Supreme Court."

13  *Wells v. Maass*, 28 F.3d 1005, 1008 (9th Cir. 1994) (citation omitted).  A habeas claim defaulted in

14  state court will generally not be considered in federal court.  *Id. King v. Roe*, however, dealt with the

15  question of whether, for purposes of tolling, a habeas petition was considered to be "pending" in state

16  court between separate rounds of habeas proceedings.  *King v. Roe* addressed the federal statute of

17  limitations as a bar to habeas relief, and considered state law in order to answer the question of

18  whether tolling should apply.

19         Because Petitioner does not show the "timeliness" prong of *King v. Roe*'s test is met, the

20  AEDPA statute of limitations is not tolled during the period between the first and second round of state

21  habeas proceedings.

22  **IV.    Conclusion and Order**

23         The instant petition cites insufficiency of the evidence and the state court's allegedly erroneous

24  failure to suppress evidence as the bases for a grant of habeas relief.  (Pet. at 13.)  As is true under

25  California law, insufficiency of the evidence — the only theory Petitioner even arguably exhausted in

26  state habeas proceedings — is not a cognizable basis for a grant of habeas relief in federal court.

27  *Freeman v. Stone*, 444 F.2d 113, 1114 (9th Cir. 1971).

28  / / /

1    For these reasons, Petitioner's objections to the R&R are hereby **OVERRULED**, the R&R is

2    **ADOPTED**, and the petition for writ of habeas corpus is **DENIED**.

3

4    **IT IS SO ORDERED**.

5    DATED: September 27, 2007

6    *Larry A. Burns*

7    **HONORABLE LARRY ALAN BURNS**
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28